# FRIER LEVITT
A T T O R N E Y S   A T   L A W

Jonathan E. Levitt, Esq. (JL 3881)
Todd Mizeski, Esq. (TM 3854)
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile:    (973) 618-0650
jlevitt@frierlevitt.com
tmizeski@frierlevitt.com

Attorneys for Plaintiff, Bleeding Disorders Resource Network, LLC.

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BLEEDING DISORDERS RESOURCE NETWORK, LLC, | Civil Action No. 2:12-cv-02987-SRC-MAS |
| Plaintiff, | |
| vs. | Hon. Stanley R. Chesler, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J. |
| CVS CAREMARK CORPORATION, CAREMARK RX, LLC, and CAREMARK, LLC, | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO SEAL DOCUMENTS**

1

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT ................................................................................................1

LEGAL ARGUMENT ................................................................................................................2

DEFENDANTS' MOTION TO SEAL DOCUMENTS MUST BE DENIED BECAUSE THERE IS A STRONG PUBLIC INTEREST IN FAVOR OF TRANSPARENCY IN THESE JUDIICAL PROCEEDINGS AND DEFENDANTS' HAVE FAILED TO CARRY THEIR BURDEN OF PROVING THAT THEY WILL SUFFER A CLEARLY DEFINED AND SERIOUS INJURY IF THEIR MOTION IS DENIED ................................................................2

    Defendants' Motion to Seal Must Be Denied Because Overriding Public Interests in Health, Safety and Public Dollars Require Disclosure .............................................................3

    Defendants' Motion to Seal Must Be Denied Because Defendants' Have Not Met Their Burden in Proving the Highly Confidential or Proprietary Nature of the Documents at Issue ............................................................................................................................................4

CONCLUSION ............................................................................................................................6

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

In re Cendant Corp., 260 F.3d 183 (3d Cir. 2001) ................................................................. 2,4
LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216 (3d Cir. 2011) ......................................... 2-3
Littlejohn v. Bic Corp., 851 F.2d 673 (3d Cir.1988)..............................................................2-3,5
Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994) ............................................... 3-4
Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir.1984) ................................................ 3-4
Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653 (3d Cir. 1991)................. 4
United States v. Martin, 746 F.2d 964 (3d Cir.1984) .................................................................2

**PRELIMINARY STATEMENT**

This case involves serious public issues, implicating access to health care, patient safety, and use of State Medicaid monies. Plaintiff, Bleeding Disorders Resource Network, LLC d/b/a BDRN, LLC ("BDRN" or "Plaintiff") is a licensed retail pharmacy in the State of New Jersey, specializing in the treatment of patients with bleeding disorders. BDRN has been approved by the New Jersey Department of Banking and Insurance as a hemophilia provider. Recently, the State of New Jersey began moving New Jersey Medicaid enrollees into Managed Care HMOs. Amerigroup is one of the HMOs that has contracted with the State of New Jersey, Department of Human Services Division of Medical Assistance and Health Services ("DMAHS") to serve as a Medicaid Managed Care Contractor within the State of New Jersey. Amerigroup uses Defendant, CVS Caremark Corporation as its pharmacy benefits manager ("PBM") to administer the specialty pharmacy network for New Jersey Medicaid patients enrolled through Amerigroup. Since New Jersey's Medicaid patients began enrolling in contracted Medicaid HMOs, BDRN has attempted several times to become a participating provider in the CVS Caremark network to provide services to Medicaid patients enrolled through Amerigroup. However, to date, CVS has refused to allow BDRN into its specialty network in violation of New Jersey's Any Willing Provider Laws which prohibit PBMs from excluding pharmacies from participating in their networks, thereby protecting and promoting a patient's right to select the pharmacy of its choice. It is only through participation in CVS Caremark's specialty network that BDRN can service New Jersey Medicaid patients.

In addition to CVS Caremark's improper refusal to admit BDRN into its specialty pharmacy network, Defendants, CVS Caremark, Caremark, LLC and Caremark Rx, LLC have engaged in an inappropriate scheme to steal BDRN's patients against the wishes of the patients, their physicians and BDRN. Essentially, Defendants have collected proprietary patient information they received from BDRN, and transferred that same information to their own CVS Caremark specialty

1

pharmacy, in an attempt to persuade and/or coerce patients to obtain services from CVS Caremark specialty pharmacy, rather than BDRN.

Through this lawsuit, BDRN seeks admission into CVS Caremark's specialty pharmacy network in order to service New Jersey State Medicaid patients. In addition, BDRN is seeking to ensure patient safety and protect a patient's right to choose the pharmacy provider of their choice. In spite of the prevailing public interests and the fact that BDRN is not admitted to CVS Caremark's specialty pharmacy network, Defendants now seek to seal copies of its <u>retail</u> pharmacy network Provider Manual, Pharmacy Agreement and related documents, none of which are even relevant to Plaintiff's claims (since Plaintiff is seeking admission into CVS Caremark's Specialty Pharmacy Network). It is respectfully submitted that Defendants' motion to seal must be denied as Defendants have not, and cannot, articulate any basis to justify the sealing of these documents.

## **LEGAL ARGUMENT**

### **DEFENDANTS' MOTION TO SEAL DOCUMENTS MUST BE DENIED BECAUSE THERE IS A STRONG PUBLIC INTEREST IN FAVOR OF TRANSPARENCY IN THESE JUDIICAL PROCEEDINGS AND DEFENDANTS' HAVE FAILED TO CARRY THEIR BURDEN OF PROVING THAT THEY WILL SUFFER A CLEARLY DEFINED AND SERIOUS INJURY IF THEIR MOTION IS DENIED**

It is well established that there is a common law right of access to judicial proceedings and records. In re Cendant Corp., 260 F.3d 183 (3d Cir. 2001); United States v. Martin, 746 F.2d 964, 968 (3d Cir.1984) ("The common law right of access is not limited to evidence, but rather encompasses all judicial records and documents. It includes transcripts, evidence, pleadings, and other materials submitted by litigants ...") (citations and quotation marks omitted). This common law right of access to judicial proceedings and judicial records is a right which the Third Circuit has held to be "beyond dispute." Littlejohn v. Bic Corp., 851 F.2d 673, 677–78 (3d Cir.1988). "[A] 'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings." See, LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 220 (3d Cir. 2011); see

2

also, Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070 (3d Cir.1984) ("Public access to civil trials, no less than criminal trials, plays an important role in the participation and the free discussion of governmental affairs").

The purpose of this common law right of access is to "promote[ ] public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 1988). Furthermore, openness and allowing public access "diminishes possibilities for injustice, incompetence, perjury, and fraud." Defendants seek to restrict this right of access by way of their Motion to Seal Materials pursuant to L. Civ. R. 5.3(c).

**A.    Defendants' Motion to Seal Must Be Denied Because Overriding Public Interests in Health, Safety and Public Dollars Require Disclosure**

In determining whether the Motion to Seal Materials will be granted, the Defendants' desire for secrecy must be weighed against public interest. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). Particular weight is held against confidentiality "when confidentiality is being sought over information important to public health and safety, and when the sharing of information among litigants would promote fairness and efficiency" and disclosure of information is more likely to be required when the judicial record "involves matters of legitimate public concern." LEAP Sys., Inc. v. MoneyTrax, Inc., 638 F.3d 216, 222 (3d Cir. 2011). Access to judicial records not only protects the public, it sometimes actively promotes public health and safety. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 664 (3d Cir. 1991) ("[I]n certain circumstances access to judicial records promotes public health and safety by not allowing secrets hidden in court records to be shielded from public view").

In the case at bar, there is a very important public interest/concern involving a patient's right to choose the health care provider of his/her choice, as well as issues regarding public health and safety. In other words, this case, and by extension the documents Defendants seek to submit under

3

seal, have a significant bearing on a patient's choice of healthcare provider for a specialized and life-saving type of medication. Accordingly, the judicial proceedings and record in this lawsuit, and in particular, Defendants' request to seal documents in this lawsuit, demands a high level of transparency.

In addition to the public health and safety concerns, there is a legitimate public concern to prevent fraud and to ensure that public monies are being spent properly where, as here, State and Federal monies are involved. BDRN is seeking admission to CVS Caremark's networks to be able to service New Jersey Medicaid beneficiaries, and CVS is engaging in unscrupulous practices to divert Medicaid patients, and thereby retain State Medicaid funds. Thus, this case and the documents involved will affect the allocation of public Medicaid funds. The public has a right to know information about this case and Defendants' business practices that will have a substantial affect on public health, safety, and State funds.

**B.    Defendants' Motion to Seal Must Be Denied Because Defendants' Have Not Met Their Burden in Proving the Highly Confidential or Proprietary Nature of the Documents at Issue**

Defendants, as the party seeking to seal materials, bear the "burden of justifying the confidentiality of each and every document sought to be covered by a protective order." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87 (3d Cir. 1994). As part of this burden, Defendants must show "that the material is the kind of information that courts will protect and that there is good cause for the order to issue. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." See Id. at 1071; see also, In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (stating that in delineating the injury to be prevented by sealing of materials, "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient."). In the case at hand, the Defendants have not

4

provided a clearly defined and serious injury that would be prevented by sealing materials. Defendants have only offered self-serving conclusory statements and examples of possible future injuries.

Defendants contend that the materials which they are seeking to seal ("the Materials") contain information that they consider highly confidential. They seem to rely on the precedent that public access to portions of the judicial record which contain trade secrets may be restricted. Littlejohn v. Bic Corp., 851 F.2d 673, 685 (3d Cir. 1988). These Materials can hardly be viewed as trade secrets or as confidential. The Materials involved include Defendants' Provider Agreement, two versions of the Provider Manuals, and an amendment to Defendant's Provider Agreement with Plaintiff. Though Defendants claim that they are protecting highly confidential information, of the hundreds of pages of the Manuals and Agreements, none of the pages are stamped or marked as confidential. Furthermore, these Materials are circulated to thousands of pharmacies throughout the United States -- the Provider Manual and the Provider Agreement are virtually identical for every single pharmacy participating in CVS Caremark's retail networks. Even if these Materials were, in fact, confidential, it has been held that "documents do not contain trade secrets merely because they are confidential." Id. Moreover, "non-trade secret but confidential business information is not entitled to the same level of protection from disclosure as trade secret information" and "desire to preserve corporate reputation" is not sufficient to overcome the common law presumption of access. Id. Thus, Defendants have failed to carry their heavy burden of proof, and their assertion that their Motion to Seal Materials will protect confidential business information is without merit.

5

## **CONCLUSION**

Given the strong presumption in favor of public access to judicial proceedings and records, the legitimate patient choice and public health/safety concerns, the need for transparency in all matters involving public monies/funds, and Defendants' failure to demonstrate a clearly defined and serious potential injury if the documents are not sealed, Plaintiff respectfully requests that this Court deny Defendants' Motion to Seal Materials.

**FRIER & LEVITT, LLC**

By: s/ Todd Mizeski
Jonathan E. Levitt, Esq. (JL 3881)
Todd Mizeski, Esq. (TM 3854)
84 Bloomfield Avenue
Pine Brook, NJ 07058
Telephone: (973) 618-1660
Facsimile:   (973) 618-0650
jlevitt@frierlevitt.com
tmizeski@frierlevitt.com

Attorneys for Plaintiff, Bleeding Disorders Resource Network, LLC

Dated: August 20, 2012

6

**CERTIFICATION OF SERVICE**

I, Todd Mizeski, Esq., of full age, do hereby certify:

1. On the date set forth below, the following individual(s) were automatically served with an Electronic Copy of the attached document via the District of New Jersey's Electronic Case Filing System:

> Anne B. Sekel, Esq.
> FOLEY & LARDNER, LLP
> 90 Park Avenue
> New York, NY 10016
> (212) 682-7474
> Email: asekel@foley.com
> Attorneys for Defendants, CVS Caremark Corporation,
> Caremark RX, LLC, and Caremark, LLC

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

> By: ____s/ Todd Mizeski____
> Jonathan E. Levitt, Esq. (JL 3881)
> Todd Mizeski, Esq. (TM 3854)
> 84 Bloomfield Avenue
> Pine Brook, NJ 07058
> Telephone: (973) 618-1660
> Facsimile:   (973) 618-0650
> jlevitt@frierlevitt.com
> tmizeski@frierlevitt.com
>
> Attorneys for Plaintiff,
> Bleeding Disorders Resources Network, LLC

Dated: August 20, 2012

7